PearsoN, J.
 

 This is a bill by a trustee under a deed of trust for the security of creditors, asking the advice of the Court as to the proper construction of the deed and directions to the trustee.
 

 The difficulty presented by the trustee arises upon the following facts i
 

 
 *78
 
 In September 1819, the defendant, Bunn, executed a deed of trust to the plaintiff, by which he conveyed a large amount of property in trust to sell,and pay certain debts.
 

 Among the debts named in the first class, one is described in the following terms: “A note to John Ricks for about twenty three hundred and fifty dollars, now in possession of D. A. T. Ricks, given several years since, to which Bennett Bunn, B. D Battle, and Robert Ricks are sureties.” The defendant, Bunn, at the time he executed the deed, did not owe any note to John Ricks, and in fact John Ricks was then dead. But he owed a note to D. A. T. Ricks, which was executed on the 13th of February 1849, in renewal of a note given to John Ricks, in his life time, for $2354 40 cents, to which Bennett Bunn, B. D. Battle and Robert Ricks were sureties, the said D. A. T Ricks having taken it as guardian of the children of said John after his death, which latter note is as follows: “$2112 26 cents. With interest from the lOt.h of January, we or either of us promise to pay D. A. T. Ricks, guardian, two thousand four hundred and twelve dollars twenty-six cents, for val. rec‘d, witness our hands and seals 13th of February 1S49,” and executed by Red-man Bunn, Bennett Bunn, and B. T. Battle. The.plaintiff therefore, charges, that a question is made, whether he has a right to pay this latter note as being the debt set out .in the deed of trust, under the description above recited, and he prays that the parties interested may intei* plead and settle the question, for his protection in the a '• m nistration of the trust fund.
 

 1 e 'mi n B ¡an says in his answer, that in the haste of .making the deed of trust, and, owing to his embarrassed feelings, he had forgotten the circumstance, that the note had been renewed, and had he called to his recollection the names of the sureties on the last note, he would have put the debt in the
 
 second
 
 class, and his purpose in putting the note in
 
 the first
 
 class, was to secure Robert Ricks
 
 *79
 
 the only solvent surety; he admits that he meant to describe the debt, which he had owed to John Ricks, and whieh was delivered to the guardian of said Ricks’ two children in the distribution of his estate. The children of John Ricks insist, that the note, given to their guardian in renewal of the note held by their father, answers the description set out in the deed, and that, at all events, it was a clear mistake, by which they ought not to be prejudiced. The other creditors of Bunn allege that their debts are honestly due and insist upon their rights.
 

 Without explanation, it would not occur to any one, that the note payable to D. A. F. Ricks, as guardian, answered the description of the note, set out in the deed ; there is not a correspondence in a single particular. One is to John Ricks, the other to D. A. T. Ricks, guardian ; one was executed several years before the deed, the other but a few months before ; one has three sureties, the other but two. The difference in the amounts would not be material, provided there was any other sufficient correspondence ; and the question is, can this discrepancy be explained by parol proof? Every written instrument must speak for itself, and cannot be added to, varied, or explained by parol evidence. This isa well settled rule, both in regard to wills and other instruments, and cannot be departed from, without opening wide the door to perjury; and making all rights uncertain. We are constrained to adhere to the rule and put out of view, as inadmissible, the explanation which is offered.
 
 Simpson
 
 v.
 
 King,
 
 1 Ire. Eq. 11.
 
 Barnes
 
 v.
 
 Sims,
 
 5 Ire. Eq. 292.
 

 This may be a hard case, but it has been well said, “hard cases are the quicksands of the law,” and we must take care not to fall into them. It is better to submit to a particular hardship, than to create a general inconvenience. No relief can be given on the ground of mistake, because the defendants, who are creditors, are equally meritorious and may stand on their rights. Equity never
 
 *80
 
 interferes to aid one creditor against another on the ground ®f mistake. It must be declared, that the note to D. A. T. Ricks is not secured by the deed of trust, and the plain* tiff must pay his costs out of the fund. The defendants must pay their own costs.
 

 Per Curiam. Declared accordingly.